# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HEMPHILL CONSTRUCTION COMPANY, INC. and JACKSON COUNTY UTILITY AUTHORITY | § § § § § | PLAINTIFFS |
| v. | § | Civil No. 1:18cv32-HSO-JCG |
| AEROMIX SYSTEMS INC. d/b/a RWL Water | § § § § | DEFENDANT |

## ORDER GRANTING PLAINTIFFS' [23], [24] MOTIONS FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE, AND DENYING AS MOOT DEFENDANT'S [21] MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT are the following Motions: (1) Motion [21] for Judgment on the Pleadings filed by Defendant Aeromix Systems, Inc.; (2) Motion [23] for Voluntary Dismissal Without Prejudice filed by Plaintiff Hemphill Construction Company, Inc.; and (3) Motion [24] for Voluntary Dismissal Without Prejudice filed by Plaintiff Jackson County Utility Authority. Defendant has filed a Response [27] in opposition to Plaintiffs' Motions [23], [24], and Hemphill has filed a Reply [28]. After due consideration of the record and relevant legal authority, the Court finds that Plaintiffs' Motions [23], [24] should be granted and that this case should be dismissed without prejudice. Defendant's Motion [21] for Judgment on the Pleadings is moot.

I.   BACKGROUND

Plaintiffs filed a Complaint [1] in this Court on January 31, 2018, invoking diversity jurisdiction under 28 U.S.C. § 1332. *See* Compl. [1] at 1. According to Plaintiffs, they have since discovered that they must assert a negligence claim against a non-diverse defendant, who if joined in this action would destroy diversity jurisdiction. *See* Mot. [23] at 1-2. At least one of Plaintiffs has initiated a separate suit against this non-diverse party and Defendant Aeromix Systems, Inc., in state court. *See id.* at 2 n.3. Plaintiffs now ask this Court to voluntarily dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Defendant responds that Rule 41(a)(2) is not the applicable standard under the facts and circumstances presented here. Resp. [27] at 2. According to Defendant, if a motion to dismiss stems from a lack of subject-matter jurisdiction based upon a plaintiff's failure to join a non-diverse, indispensable party, the motion should be treated as a motion to dismiss for lack of subject-matter jurisdiction. *Id.* (citing *Weichman v. Northeast Inns of Meridian, Inc.*, 125 F.R.D. 139, 141 (S.D. Miss. 1989)). Defendant, however, argues that Plaintiffs have not sufficiently articulated why the non-diverse party, Compton Engineering, Inc., is an indispensable party to this action, such that Plaintiffs' Motions [23], [24] should be denied. *Id.* at 2-3.

## II. DISCUSSION

The Court need not resolve Defendant's argument as to which standard applies under the facts of this case.[1]  Under either Rule 12(h)(3) or Rule 41(a)(2), the result in the present case is a dismissal without prejudice.

According to the United States Court of Appeals for the Fifth Circuit, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  When faced with a Rule 41(a)(2) motion, a district court should first ask "whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice."  *Id.*  The mere fact that additional expense will be incurred in relitigating issues in a different forum will not generally support a finding of "plain legal prejudice" and will not justify the denial of a motion to voluntarily dismiss under Rule 41(a)(2).  *Id.* at 317 n.3.  If the non-movant will not suffer plain legal prejudice, a court should generally grant the motion absent some evidence of abuse by the movant.  *Id.* at 317.  Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

This case is at a very early stage of the litigation.  The parties have only

---

[1] In *Weichman*, the district court was called upon to resolve this question because the issue was whether the district court could award the defendants all expenses, including attorney's fees, and the result was different depending on the rule that applied.  *See Weichman*, 125 F.R.D. at 141.  *Weichman* is therefore distinguishable; no party has asked for expenses in briefing the present Motions.

3

recently served their initial disclosures, and the trial is not scheduled to take place until August 2019. It does not appear that Defendant will suffer any plain legal prejudice if this case is dismissed without prejudice, nor is there any evidence of abuse by Plaintiffs. The Court will grant Plaintiffs' Motions [23], [24] and dismiss this case without prejudice.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Plaintiffs' Motions [23], [24] to Dismiss without prejudice will be granted, and Defendant's Motion for Judgment on the Pleadings will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs' Motions [23], [24] for Voluntary Dismissal Without Prejudice are **GRANTED**, and this civil action is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion [21] for Judgment on the Pleadings is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 28th day of June, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE